**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Pedro A.D.L.O.O.,                                                       Civil No. 26-1959 (DWF/DJF)

                    Petitioner,

v.
                                                                                            **MEMORANDUM
Pamela Bondi, *Attorney General*;                          OPINION AND ORDER**
Markwayne Mullin, *Secretary, U.S.
Department of Homeland Security*;[1] Todd
M. Lyons, *Acting Director of Immigration
and Customs Enforcement*; David
Easterwood, *Acting Director, St. Paul
Field Office Immigration and Customs
Enforcement*; and Warden, *Sherriff of
Camp East Montana Detention Center, El
Paso, Texas*,

                    Respondents.


**INTRODUCTION**

This matter is before the Court on Petitioner Pedro A.D.L.O.O.'s petition for a

writ of habeas corpus (the "Petition").  (Doc. No. 1.)  Respondents filed a response

asserting authority to detain Petitioner under 8 U.S.C. § 1225(b)(2) and seeking dismissal

for lack of jurisdiction or transfer to the Western District of Texas.  (Doc. No. 5.)  For the

reasons set forth below, the Court denies the motion to dismiss or transfer, grants the

Petition, and orders Respondents to provide Petitioner with a bond hearing.

---

[1]     Markwayne Mullin is automatically substituted in as the current Secretary of the
Department of Homeland Security.  The Clerk of Court is directed to replace Kristi Noem
with Markwayne Mullin on the docket.

## BACKGROUND

Petitioner is a citizen of Mexico and resident of Saint Paul, Minnesota.  (Doc. No. 1 ¶¶ 8, 14.)  Petitioner has lived in the United States since October 2003.  (*Id.* ¶ 14.) Petitioner does not have a final order of removal or a criminal history.  (*Id.* ¶ 15.)  He is the sole economic provider for his two young daughters.  (*Id.* ¶ 16.)

U.S. Immigration and Customs Enforcement ("ICE") agents arrested Petitioner in Minnesota on January 5, 2026.  (*Id.* ¶ 17.)  Petitioner was on his way to work when ICE agents stopped him on the highway.  (*Id.*)  The agents then arrested him without a warrant.  (*See id.* ¶¶ 31, 54.)  Petitioner was briefly detained in Minnesota.  (*See* Doc. No. 5 at 5.)  He was then brought to the ERO El Paso Camp East Montana in Texas. (Doc. No. 1 ¶ 21.)  Currently, the ICE detainee locator yields no results when searching for Petitioner.  *See Online Detainee Locator System*, U.S. Immigr. & Customs Enf't, https://locator.ice.gov/odls/#/search (last visited Apr. 7, 2026).

Petitioner filed the Petition on March 19, 2026.  (Doc. No. 1 at 16.)  Petitioner asserts that his detention under 8 U.S.C. § 1225(b)(2) is unlawful because it violates the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act ("INA"), and the Administrative Procedure Act.  (*Id.* ¶¶ 32-48.)  Petitioner requests immediate release from detention or, in the alternative, a bond hearing.  (*Id.* at 16.)  On March 20, 2026, the Court ordered Respondents to answer the Petition on or before March 23, 2026 at 12:00 p.m. CT, and enjoined Respondents from moving Petitioner from this District pending further order, or if Petitioner was already moved from

Minnesota, that he be immediately returned to the state. (Doc. No. 4.) Respondents timely filed the response. (Doc. No. 5.)

## DISCUSSION

### I.    Motion to Dismiss or Transfer

As a threshold matter, Respondents challenge the Court's jurisdiction over this case. (Doc. No. 5.) They ask the Court to either dismiss the Petition or transfer the matter to the Western District of Texas. (*Id.* at 1, 6.) Generally, jurisdiction over a habeas petition lies only in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). However, when "a prisoner is held in an undisclosed location by an unknown custodian, it is impossible to apply the immediate custodian and district of confinement rules." *Id.* at 450 n.18. Petitioner acknowledges that he was detained in Texas at the time the Petition was filed. (Doc. No. 1 ¶ 8.) However, his current location is unknown to the Court. Because Petitioner's current location is unknown, the Court has jurisdiction.

Further, Respondents submitted alternative arguments on the basis of Petitioner's detention. There is no reason to delay determination of the Petition. *See Edita M.S.C. v. Noem*, No. 26-cv-650, 2026 WL 252545, at *1 (D. Minn. Jan. 30, 2026) (denying a motion to dismiss for lack of jurisdiction because requiring the petitioner to refile her petition would have been a waste of judicial resources). The motion to dismiss or transfer is denied.

## II.    Merits of the Petition

Turning to the merits, a district court may provide habeas relief to a person who is being detained in violation of the Constitution or laws of the United States.  28 U.S.C. § 2241(c)(3).  That authority includes jurisdiction to hear habeas challenges to immigration-related detention.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900-01 (D. Minn. 2020).  The burden is on the petitioner to prove illegal detention by a preponderance of the evidence.  *See Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and point to an Eighth Circuit case:  *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026).  (Doc. No. 5 at 5-6; Doc. No. 6.)  In *Avila*, the Eighth Circuit interpreted § 1225(b)(2)(A) to require detention of any noncitizen present in the United States who has not been admitted, regardless of whether they are arriving at the border or within the interior, if an examining officer determines that the noncitizen seeking admission "is not clearly . . . entitled to be admitted."  *See Avila*, 2026 WL 819258, at *3-4.  As a result of that ruling, Petitioner's statutory arguments for release under the INA are moot.

However, Petitioner also challenges the constitutionality of his detention under the Due Process Clause.  (Doc. No. 1 ¶¶ 32-39.)  The *Avila* opinion did not address the issue of due process.  *See* 2026 WL 819258, at *8 & n.8 (Erickson, J., dissenting).  Respondents were specifically directed to address each count of the Petition in their response.  (Doc. No. 4 ¶ 2(a).)  Respondents addressed only the INA argument.  (*See*

Doc. Nos. 5, 6.)  They have therefore waived any argument on the due process issue.

*See, e.g.*, *Pedro Eduardo R.P. v. Bondi*, No. 26-cv-1323, 2026 WL 473140, at *3

(D. Minn. Feb. 17, 2026) (discussing waiver of constitutional claims), *report and*

*recommendation adopted*, 2026 WL 478607 (D. Minn. Feb. 19, 2026).  Nonetheless,

Petitioner would be entitled to relief under a due process analysis, as explained below.

No person within the United States—including noncitizens who entered

unlawfully—shall be "deprived of life, liberty, or property, without due process of law."

U.S. Const. amend. V; *see Zadvydas*, 533 U.S. at 693.  Civil detention violates the Due

Process Clause unless there is a "special justification" that "outweighs the individual's

constitutionally protected interest in avoiding physical restraint."  *Zadvydas*, 533 U.S.

at 690 (citation modified).  To determine whether a civil detention violates a detainee's

due process rights, courts apply the three *Mathews* factors.[2]  *Mathews v. Eldridge*, 424

U.S. 319, 335 (1976); *see, e.g.*, *Maldonado*, 795 F. Supp. 3d at 1148.  The three factors

are:  (1) the private interest affected by the official action; (2) the risk of erroneous

deprivation of such interest, and the probable value of additional or substitute procedural

safeguards; and (3) the government's interest, including the burden of those additional or

substitute safeguards.  *Mathews*, 424 U.S. at 335.

---

[2]    Use of the *Mathews* factors is appropriate here despite the Eighth Circuit's
decision to bypass this test in *Banyee v. Garland*, 115 F.4th 928 (8th Cir. 2024).  *Banyee*
analyzed the mandatory detention of a noncitizen pursuant to § 1226(c).  *See id.* at 930.
Section 1226(c) requires the detention of noncitizens who are inadmissible or deportable
because they have committed a particular crime.  *See* 8 U.S.C. § 1226(c).  Petitioner has
no criminal history.  *Cf. Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1154 (D. Minn.
2025) (finding *Banyee* inapposite because petitioner had no criminal history).

These factors favor Petitioner.  First, freedom from detention is a central due process protection.  *See Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects."); *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004) ("[T]he most elemental of liberty interests [is] the interest in being free from physical detention by one's own government.").  Second, without an individual assessment, the risk of erroneous deprivation is high.  *Cf. Yang v. Maydak*, No. 26-cv-116, 2026 WL 906670, at *9 (E.D. Ky. Apr. 2, 2026) (granting habeas relief pursuant to § 1226 when petitioner was not afforded a bond hearing).  Further, an individualized assessment as to the government's interest in detaining Petitioner would ameliorate that risk.  Third, the government's interest in detaining Petitioner is weak because they have not established that Petitioner is unlikely to appear or that he poses any threat to the community as he has no criminal history.  *See Pedro O. v. Garland*, 543 F. Supp. 3d 733, 742 (D. Minn. 2021) (explaining that the justification for detention of noncitizens who have been convicted of certain criminal offenses is stronger than the justification for noncitizens without a criminal record); *Maldonado*, 795 F. Supp. 3d at 1153-54 (granting habeas petition in part because there was no showing that public safety or attendance concerns required detention).  The *Mathews* factors weigh in favor of Petitioner.  The Court finds that requiring a bond hearing will balance the interests of Petitioner and Respondents.

6

**ORDER**

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1.      Respondents' motion to dismiss or transfer (Doc. No. [5]) is **DENIED**.

2.      Petitioner's petition for writ of habeas corpus (Doc. No. [1]) is **GRANTED**.

3.      The Court **DECLARES** that Petitioner's detention without an individualized bond hearing violates his rights under the Due Process Clause of the Fifth Amendment.

4.      Respondents are **ORDERED** to provide Petitioner with a bond hearing before an immigration judge in Minnesota within seven (7) days of the date of this Order.

5.      If Respondents do not provide Petitioner with a bond hearing as required by this Order, Petitioner must be immediately released from detention.

        a.      In the event that Respondents release Petitioner, they must do so: (1) in Minnesota; (2) with all personal documents and belongings, such as his driver's license, passport, other immigration documents, and cell phone; (3) without any conditions on release, including but not limited to requiring Petitioner to sign an "Order of Release on Recognizance" or requiring Petitioner to enroll in and complete an "Alternatives to Detention" program; (4) without any tracking devices or use of a tracking application; and (5) with all clothing and outerwear he was wearing at the time of detention, or other proper attire.

7

b.      In addition, Respondents shall provide reasonable advance notice to counsel to arrange for a safe release of Petitioner.  Petitioner's counsel is Patrick Hellier who can be reached at 612-500-4327.

6.      Within ten (10) days of the date of this Order, Respondents shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release.

7.      Respondents, or anyone acting in concert with Respondents, are **ENJOINED** from removing, transferring, or otherwise facilitating the removal of Petitioner from the District of Minnesota prior to the ordered bond hearing.

8.      The Clerk of Court is directed to substitute Defendant Markwayne Mullin for Defendant Kristi Noem on the docket.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  April 8, 2026                         s/Donovan W. Frank
                                              DONOVAN W. FRANK
                                              United States District Judge

8